**William Everett ASHWORTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36243.**

Court of Criminal Appeals of Texas.

Dec. 4, 1963.

No attorney for appellant on appeal.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Don Weitinger, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

The state's proof was undisputed that, on the date alleged, the appellant operated his automobile upon a public street in the city of Houston.

Officer E. J. Smith, of the Houston police department, testified that on the night in question he observed the appellant driving west on Landor Lane in the city; that appellant was driving on the wrong side of the road and his automobile was weaving; that after he followed behind for three-fourths of a block appellant drove into a private driveway and stopped; that he went to the automobile where appellant was seated behind the steering wheel. Officer Smith stated that when he requested that appellant get out of the automobile he "nearly fell" in the driveway; that he had an alcoholic odor on his breath and person, his speech was "slurred"; and he staggered when he walked. The officer expressed his opinion that at such time appellant was intoxicated. The officer further testified that he took appellant to the 8700 block of Homestead Road where he had been involved in a collision with another automobile, and from the scene of the collision he took appellant to the police station, where, after he had executed his written consent to give a blood specimen, a specimen of blood was taken from him.

Chemist Floyd McDonald, of the Houston police department, testified that he analyzed the blood specimen, that the analysis showed the presence of .21% alcohol, by weight, in the blood, and that a person with such percentage of alcohol in the blood would be intoxicated.

Testifying as a witness in his own behalf, appellant admitted driving his automobile

on the night in question and having run into the other automobile. Appellant stated that he left the scene of the collision after he had made arrangements with the owner of the automobile to pay for the damage to his vehicle. Appellant admitted that he had consumed two or three beers prior to the occasion of his arrest, but denied that he was intoxicated.

The jury by their verdict resolved the disputed issue of intoxication against the appellant, and we find the evidence sufficient to sustain the verdict.

There are no formal bills of exception or objections to the court's charge. No brief has been filed on behalf of appellant.

The informal bills of exception appearing in the statement of facts have been examined and do not reflect error.

The judgment is affirmed.

Opinion approved by the court.